IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JERIL D. WINGET,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEAL (DOC. NO. 20)**<br><br>Case No. 2:07-cr-848<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Jeril D. Winget has filed a pro se motion to seal all court records related to his case from public view.[1] Mr. Winget argues the records have impacted everything from his employment options and business opportunities to his familial relationships.[2] Mr. Winget contends his underlying criminal conduct amounted to filing late returns, not tax evasion.[3] And he suggests that where he was convicted of misdemeanor offenses which occurred fourteen to fifteen years ago, the case should be sealed.[4] The government opposes the motion, arguing both that Mr. Winget has not established his convictions should be expunged and that no circumstances exist sufficient to overcome the presumption in favor of access to court records.[5]

---

[1] (Mot. to Seal, Doc. No. 20.)

[2] (*Id.* at 1.)

[3] (*Id.* at 2.)

[4] (*Id.* at 1–2.)

[5] (Resp. to Def.'s Mot. to Seal, Doc. No. 23.)

Where Mr. Winget has not met his burden to show the records should be sealed or that his convictions should be expunged, his motion is denied.

ANALYSIS

Mr. Winget has failed to establish the court's records related to his case should be sealed or that his convictions should be expunged. He has not shown any countervailing interest sufficient to overcome the public's right of access to judicial records. And he has not alleged his convictions were legally infirm or improper (or submitted evidence of this)—making any expungement request inadequate.

 1. *Sealing of Court Records*

Mr. Winget has not established the records in this case should be sealed. "The records of the court are presumptively open to the public" and sealing court documents is discouraged.[6] This "strong presumption in favor of public access" applies in criminal cases as well as civil cases,[7] and is particularly salient where the documents relate to litigants' substantive legal rights.[8] But the right of access to judicial records is not absolute.[9] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh

---

[6] DUCrimR 49-2(a).

[7] *Cf. United States v. Cushing*, 10 F.4th 1055, 1082 n.6 (10th Cir. 2021) (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)).

[8] *Id.*

[9] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

the public interests in access."[10] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[11] Mr. Winget has not met this burden.

Mr. Winget was charged with two misdemeanor counts of failing to file a tax return.[12] He pleaded guilty to both counts on March 6, 2008.[13] As part of his plea, Mr. Winget admitted under oath that he "voluntarily and intentionally failed and refused to file" personal and business tax returns for tax year 2003.[14] He also admitted his total unreported income equaled $205,820.00.[15] Mr. Winget now argues the investigative agents found "no incidents of any tax evasion."[16] Even taking this statement as true, it does not support sealing this case. Mr. Winget was charged with, admitted to, and was sentenced based on criminal offenses. The nature and severity of the offenses do not lessen the public's interest in access. And Mr. Winget has not shown an interest sufficient to outweigh this presumption of public access to court records.

Mr. Winget suggests the case records have affected his familial relationships, income and employment, and business opportunities.[17] But it is unclear how sealing the records—fifteen

---

[10] *Id.* (internal quotation marks omitted).

[11] *Id.* (internal quotation marks omitted).

[12] (Misdemeanor Information, Doc. No. 1.)

[13] (Statement by Def. in Advance of Guilty Plea 5–6, Doc. No. 11; *see also* Minute Entry, Doc. No. 6.)

[14] (Statement by Def. in Advance of Guilty Plea 5, Doc. No. 11.)

[15] (*Id.*)

[16] (Mot. 2, Doc. No. 20.)

[17] (*Id.* at 1.)

years after the disposition of the case—would change this. Where the records have been in the public strata for fifteen years, sealing them now would have a negligible effect. Moreover, Mr. Winget has failed to establish these personal repercussions constitute countervailing interests which heavily outweigh the public's interest in access.[18] As the government pointed out in its opposition to Mr. Winget's motion,[19] criminal convictions carry myriad consequences, including professional and reputational effects.[20] Mr. Winget has not shown these consequences—which every defendant convicted of an offense suffers to varying degrees—merit sealing the case. If this sort of collateral consequence were sufficient to justify sealing a criminal case, every criminal case would be sealed. Instead, the public has a right to know.

    *2. Expunction*

Next, Mr. Winget has not established his convictions should be expunged. "[C]ourts have inherent equitable authority to order the expungement of an arrest record or a conviction in rare or extreme circumstances."[21] The narrow remedy of expungement is to be infrequently

---

[18] *See Burke*, 698 F.3d at 1241.

[19] (Resp. to Def.'s Mot. to Seal 2, Doc. No. 23.)

[20] *See Shook v. United States*, No. MC 17-0024 JB, 2021 U.S. Dist. LEXIS 199933, at *67–68 (D.N.M. Oct. 18, 2021) (unpublished) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 376–77 (2010) (Alito, J., concurring)).

[21] *United States v. Trzaska*, 781 F. App'x 697, 699 n.2 (10th Cir. 2019) (unpublished) (quoting *Camfield v. City of Okla. City*, 248 F.3d 1214, 1234 (10th Cir. 2001)). The Tenth Circuit has also recognized a "growing appellate consensus that federal courts lack inherent authority to expunge criminal records relying solely upon equitable grounds." *Id.* (internal citation omitted).

used,[22] and only when "a conviction is somehow invalidated, such as by a finding that it was unconstitutional, illegal, or obtained through government misconduct."[23] "There is no applicable inherent equitable authority to grant expunction of a valid conviction."[24] Because Mr. Winget has not established the infirmity of his conviction,[25] expungement is unavailable to him.

Federal courts apply a four-part test to determine whether to expunge a conviction.[26] First, a petitioner "must allege that the conviction is legally infirm or was secured through improper government conduct."[27] Next, the petitioner must present some evidence to support this contention.[28] If the petitioner makes a sufficient factual showing, the court must balance the individual's rights against the government's interest in maintaining records.[29] Finally, the court

---

[22] *Shook*, 2021 U.S. Dist. LEXIS 199933, at *55. This limited equitable power applies where there is no statutory authority to order expungement. *Cf. id.* at *59. Mr. Winget has not suggested any statutes granting expungement authority apply here.

[23] *Tokoph v. United States*, 774 F.3d 1300, 1305 (10th Cir. 2014).

[24] *Id.*

[25] From Mr. Winget's motion, it is not even apparent that he seeks expungement. It is only because his pro se filing is construed liberally that this issue is addressed.

[26] *See Shook*, 2021 U.S. Dist. LEXIS 199933, at *63.

[27] *Trzaska*, 781 F. App'x at 700–01.

[28] *Id.* at 701.

[29] *Shook*, 2021 U.S. Dist. LEXIS 199933, at *57. "There is a substantial difference between 'expunging the arrest record of a presumably innocent person and expunging the conviction of a person adjudged as guilty in a court of law.'" *Id.* at *55 (quoting *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993)).

should assess whether there are "unusually compelling circumstances," meriting the "narrow," "extreme" remedy of expungement.[30]

Any request for expungement by Mr. Winget fails at the initial steps. At best, he makes conclusory statements about the investigative agent's conclusion that Mr. Winget did not participate in tax evasion. Mr. Winget neither alleges his convictions were legally infirm nor presents evidence in support of that claim. And nothing in the record itself suggests Mr. Winget's convictions were invalid or resulted from improper government conduct. For this reason, Mr. Winget's record cannot be expunged on equitable grounds, and it is unnecessary to conduct any further inquiry. Put differently, even if Mr. Winget's motion is construed as a request for expungement, the request is insufficient.

## CONCLUSION

Where Mr. Winget has failed to establish the court's records related to his case should be sealed or that his convictions should be expunged, his motion[31] is DENIED.

DATED this 2nd day of May, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[30] *Id.* at *57–58 (internal quotation marks omitted).

[31] (Mot. to Seal, Doc. No. 20.)